IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ROBERT MARK DURHAM,

    Defendant.

Case No. 02-cr-40053-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Robert Mark Durham's motion under Federal Rule of Criminal Procedure 41(g) (Doc. 808). The government filed a response (Doc. 810, to which Durham replied (Doc. 812). The government then filed a surreply (Doc. 813).

Durham pleaded guilty to conspiracy to manufacture and distribute 500 grams or more of methamphetamine, manufacturing 50 to 500 grams of methamphetamine, and possession of firearms during and in relation to a drug trafficking crime. The undersigned Judge sentenced Durham to 228 months imprisonment, five years supervised release, and a $300 special assessment. The Court also found by a preponderance of the evidence that $500,000 was forfeitable as an amount that "was received in exchange for the conspiracy to distribute and possess with intent to distribute a mixture containing methamphetamine" (Doc. 383, p. 1). Accordingly, the undersigned Judge entered a forfeiture judgment in favor of the United States and against Durham for $500,000.

Durham now files a motion pursuant to Federal Rule of Criminal Procedure 41 arguing that the Court should reduce the forfeiture amount because it was based on erroneous amounts concerning Durham's accounts erroneously relayed to the Court in the presentence report. The

government responds arguing it was not limited to the amounts contained in the accounts identified in the order for forfeiture.

A Rule 41 motion is appropriate to "commence a civil equitable proceeding to recover seized property that the government has retained after the end of a criminal case." *See Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007) (citing *United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004)).  Here, Durham does not seek to recover property seized by the government. Rather, he seeks to amend the forfeiture amount.  A criminal forfeiture, however, "is part of the defendant's sentence and must be challenged on direct appeal or not at all." *Young*, 489 F.3d at 315.  As such, this Court lacks jurisdiction to consider Durham's motion.

In his reply, Durham appears to make a claim that counsel was ineffective for failing to advise him of the forfeiture consequences and he would not have entered into the plea agreement had he been so advised.  Durham may be intending to invoke 28 U.S.C. § 2255 because the relief he seeks is only available through such a motion.  However, the Court is hesitant to construe this as a § 2255 motion without a clear indication that Durham intends to invoke that statute.  "[T]he court cannot so recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." *Castro v. United States*, 540 U.S. 375, 377 (2003).

The Court **WARNS** Durham that if he does not file a motion to withdraw his pending motion on or before August 22, 2014, the Court will construe it as a § 2255 motion and Durham will then be subject to the second or successive filing requirements contained in 28 U.S.C. §

2255, ¶ 8.  However, to the extent Durham seeks relief under Rule 41, the motion (Doc. 808) must be **DISMISSED** for lack of jurisdiction**.**

**IT IS SO ORDERED.**

**DATED:** July 22, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
